UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L'OREAL MCCOLLUM,<br><br>Plaintiff,<br><br>v.<br><br>OMNIPOINT MANAGEMENT SOLUTIONS, LLC<br><br>Defendant. | Case No. 2:23-cv-902 |

### PLAINTIFF'S COMPLAINT

Plaintiff, L'OREAL MCCOLLUM ("Plaintiff"), by and through her attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, OMNIPOINT MANAGEMENT SOLUTIONS, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4, *et seq*. ("PFCEUA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because the Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Philadelphia, Philadelphia County, State of Pennsylvania.

8. Plaintiff is, and at all times mentioned herein, a "consumer" as defined by the FDCPA and 73 P.S. § 2270.3.

9. Defendant was, and at all times relevant hereto, attempting to collect a "debt" from Plaintiff as defined by the FDCPA and 73 P.S. § 2270.3.

10. Defendant is, and at all times mentioned herein, a "creditor" as defined by the FDCPA and 73 P.S. § 2270.3.

11. Defendant is, and at all times mentioned herein, a "debt collector" as defined by the FDCPA and 73 P.S. § 2270.3.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a New York limited liability company and national collection agency headquartered in the Town of West Seneca, Erie County, State of New York.

14. Defendant conducts business in Philadelphia County, Pennsylvania.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

22. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

23. Within the past year, Defendant began calling and sending text messages to Plaintiff on her cellular telephone number at xxx-xxx-6705, in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff from 267-214-5013 and 716-296-3825, which are two of Defendant's telephone numbers.

25. On or about April 12, 2022, Defendant called Plaintiff's mother in connection to the Plaintiff's alleged debt.

26. On or about April 18, 2022, Defendant left the following text message on Plaintiff's cellular phone:

- a. "We have options to help you! Call Omnipoint 844-215-9591 or visit www.omnipoint.org ref:52990299. This is an attempt to collect a debt. STOP to opt out TEXT STOP to opt out."

27. The phone number 844-215-9591 is a number that belongs to the Defendant.

28. On or about May 5, 2022, Defendant sent the following text message to the Plaintiff's cellular phone:

    - a. "We can settle your debt! #52990299! Call Omnipoint 844-215-9591 reply here or visit www.omnipoint.org. This is an attempt to collect a debt. STOP to opt out."

29. On or about May 10, 2022, Defendant left the following text message on Plaintiff's cellular phone:

    - a. "We haven't heard back & want to help! Call Omnipoint 844-215-9591 or visit www.omnipoint.org ref# 52990299. This is an attempt to collect a debt. STOP to opt out"

30. On or about May 24, 2022, Defendant left the following text message on Plaintiff's cellular phone:

    - a. "It's not too late! Call Omnipoint 844-215-9591 for options or visit us www.omnipoint.org REF: #52990200. This is an attempt to collect a debt. STOP to opt out"

31. The natural consequences of Defendants' statements and actions was to produce an unpleasant and/or hostile situation between Defendants' and Plaintiff.

32. The natural consequences of Defendants' statements and actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff incorporates by reference the foregoing paragraphs 1-32 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

34. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant sent text messages to Plaintiff and failed to use its true name;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

    c. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, when Defendant

    d. Defendant violated § 1692e(14) of the FDCPA by using any business, company, or organization name other than the true name of the debt collector's business, company, or organization, when Defendant left multiple text messages identifying itself as "OMNIPOINT" and not their true name, OMNIPOINT MANAGEMENT SOLUTIONS, LLC.

 e. Defendant violated § 1692g of the FDCPA when defendant failed to send the notice required by 1692g(a)(1)-(5);

 f. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, L'OREAL MCCOLLUM, respectfully requests judgment be entered against Defendant, OMNIPOINT MANAGEMENT SOLUTIONS, LLC, for the following:

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

37. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

38. Plaintiff incorporates by reference the foregoing paragraphs 1-32 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

39. Defendant violated the Pennsylvania Fair Credit Extension Uniformity Act. Defendant's violations include, but are not limited to, the following:

 a. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of § 2270.4(b)(4), when Defendant sent text messages to Plaintiff and failed to use its true name; and

    a. Using unfair or unconscionable means in connection with the collection of an alleged debt, in violation of § 2270.4(b)(6); when Defendant sent text messages to Plaintiff and failed to use its true name.

WHEREFORE, Plaintiff, L'OREAL MCCOLLUM, respectfully requests judgment be entered against Defendant, OMNIPOINT MANAGEMENT SOLUTIONS, LLC, for the following:

40. As a result of Defendant engaging in the foregoing conduct, it has likewise violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*.

41. Plaintiff is entitled to and seeks actual damages pursuant to 73 P.S. § 201-9.2(a).

42. Plaintiff is entitled to and seeks treble damages pursuant to 73 P.S. § 201-9.2(a).

43. Plaintiff is entitled to and seeks statutory damages of no less than $100.00 pursuant to 73 P.S. § 201-9.2(a).

44. Plaintiff is entitled to and seeks costs and reasonable attorney fees pursuant to 73 P.S. § 201-9.2(a).

45. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

46. Any other relief that this Honorable Court deems necessary or proper.

                                          RESPECTFULLY SUBMITTED,

March 9, 2023                    By: /s/ Michael A. Siddons
                                    Michael A. Siddons
                                    Attorney #89018
                                    The Law Firm of Michael Alan Siddons, Esquire
                                    230 N. Monroe Street
                                    PO Box 403
                                    Media, PA 19063
                                    Tel: 610-255-7500
                                    msiddons@siddonslaw.com
                                    Attorney for Plaintiff