UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

L'OREAL MCCOLLUM

        Plaintiff,

vs.

OMNIPOINT MANAGEMENT SOLUTIONS, LLC

        Defendant.

Case No.: 2:23-cv-902

---

### DEFENDANT OMNIPOINT MANAGEMENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Omnipoint Management Solutions, LLC ("Defendant"), by and through its undersigned attorneys, Lippes Mathias LLP, as and for its Answer to Plaintiff L'Oreal McCollums's ("Plaintiff") Complaint, responds as follows:

### INTRODUCTION

1. Defendant admits that Plaintiff has commenced the subject action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). Defendant denies that it violated the FDCPA.

2. Defendant admits that Plaintiff has commenced the subject action alleging violations of the Pennsylvania Fair Credit Extension Uniformity Act 73 P.S. § 2270.4, *et seq*. Defendant denies that it violated said statute.

### JURISDICTION AND VENUE

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 4.

5. The allegations in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 5.

6. The allegations in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 6.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7, and therefore denies same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8, and therefore denies same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9, and therefore denies same.

10. The allegations in Paragraph 10 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 10.

11. The allegations in Paragraph 11 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

13. Defendant admits that it is a New York limited liability company with a principal place of business in the State of New York.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies same.

15. Admitted.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16, and therefore denies same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17, and therefore denies same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19, and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20, and therefore denies same.

**FACTUAL ALLEGATIONS**

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21, and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22, and therefore denies same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23, and therefore denies same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24, and therefore denies same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25, and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26, and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27, and therefore denies same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28, and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29, and therefore denies same.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30, and therefore denies same.

31. Denies the allegations in Paragraph 31.

32. Denies the allegations in Paragraph 32.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTIONS PRACTICES ACT

33. Defendant repeats and realleges its answers to the allegations in Paragraphs 1 through 32 of the Complaint as if same were fully set forth at length herein.

34. Defendant denies Paragraph 34.

35. Defendant denies Paragraph 35.

36. Defendant denies Paragraph 36.

37. Defendant denies Paragraph 37.

## COUNT II
## DEFENDANT VIOLATED THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

38. Defendant repeats and realleges its answers to the allegations in Paragraphs 1 through 37 of the Complaint as if same were fully set forth at length herein.

39. Defendant denies Paragraph 39.

40. Defendant denies Paragraph 40.

41. Defendant denies Paragraph 41.

42. Defendant denies Paragraph 42.

43. Defendant denies Paragraph 43.

44. Defendant denies Paragraph 44.

45. Defendant denies Paragraph 45.

46. Defendant denies Paragraph 46.

## FIRST AFFIRMATIVE DEFENSE

47. The Complaint fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

48. Plaintiff failed to mitigate his/her damages, if any.

## THIRD AFFIRMATIVE DEFENSE

49. Plaintiff's claim may be precluded, in whole or in part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control or authority.

**FIFTH AFFIRMATIVE DEFENSE**

51. To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

WHEREFORE, Defendant Omnipoint Management Solutions LLC, respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety together with such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

Dated: April 2, 2023

**LIPPES MATHIAS LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 853-5100
F: (716) 853-5199
E: blittle@lippes.com